19-550-cv
*Christa McAuliffe Intermediate School PTO, Inc., et al v. Bill de Blasio, et al*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:   José A. Cabranes,
                    Joseph F. Bianco ,
                                *Circuit Judges,*
                    Christina Reiss
                                *District Judge.*[*]

Christa McAuliffe Intermediate School PTO,
Inc., Chinese American Citizens Alliance of
Greater New York, Asian American Coalition
for Education, Phillip Yan Hing Wong, Yi
Fang Chen, and Chi Wang,

                    *Plaintiffs-Appellants,*                         19-550-cv

                    v.

Bill de Blasio, in his official capacity as
Mayor of New York, and Richard A. Carranza,
in his official capacity as Chancellor of the
New York City Department of Education,

                    *Defendants-Appellees.*

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PLAINTIFFS-APPELLANTS:**           CHRISTOPHER M. KIESER, Joshua P. Thompson, Wencong Fa, Oliver J. Dunford, Glenn E. Roper, Pacific Legal Defense Foundation, Sacramento, CA.

**FOR DEFENDANTS-APPELLEES:**           JOHN MOORE (Richard Dearing, Deborah A. Brenner, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is, on the basis of the record to date, **AFFIRMED**.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*First*, the organizational plaintiffs bringing this appeal do not have standing to assert claims under 42 U.S.C. § 1983 on behalf of their members. *See Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011). "[W]e have 'interpret[ed] the rights [§ 1983] secures to be personal to those purportedly injured.'" *Id.* (quoting *League of Women Voters of Nassau Cnty. v. Nassau Cnty. Bd. of Supervisors,* 737 F.2d 155, 160 (2d Cir. 1984)).

*Second*, even if the organizations have standing to assert claims on their own behalf, they have not demonstrated an injury sufficient to secure injunctive relief, since their purported injury—expenditure of monetary resources on advocacy against the City's change to its specialized high school admissions process—is entirely retrospective. As we have noted, in order to secure "injunctive or declaratory relief," plaintiffs "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).

## CONCLUSION

Due to concerns of timeliness, the mandate shall issue forthwith and shall not prejudice plaintiffs in the filing of a renewed petition for a preliminary injunction, or in applications for expedited discovery, including depositions of relevant officials. In the interest of judicial economy, subsequent appeals shall be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk